STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WILLIE MC COY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 8, 1976—Decided December 1, 1976.

342

Before Judges CARTON, KOLE and LARNER.

*Mr. Francis Patrick McQuade,* Essex County Counsel, attorney for appellant (*Mr. Richard M. Cignarella,* First Assistant County Counsel, of counsel and on the brief).

*Messrs. Dwyer, Connell and Lisbona,* attorneys for respondent (*Mr. Raymond R. Connell,* on the brief).

The opinion of the court was delivered by

KOLE, J. A. D. In August 1974 police officers, pursuant to a warrant, conducted a gambling raid in which defendant and two codefendants were arrested. Allegedly illegal lottery items were confiscated, including $1,495 from the trunk of defendant's automobile and $19 from his person. The three men were indicted for violation of various gambling laws, tried and acquitted of all of the charges.

Defendant subsequently filed a motion in the criminal cause for return of the money seized at the time of arrest, pursuant to *N. J. S. A.* 2A:152–10. The county filed a cross-motion seeking the forfeiture of the $1,495 found in the automobile trunk.

At the hearing on the motions defendant presented testimony that the money seized was his. He stated it was raised by him and his brothers and sisters for medical treatment for their mother who was hospitalized; that at the time of his arrest he was planning to go south to see his mother and deliver the cash, and that he had earned his share of the money as a carpenter, or painter.

The county presented proof through one of the arresting officers, who was qualified as an expert in the field of illegal lottery operations. Introduced into evidence were papers containing lottery bets and "lottery codes" seized from a room in an abandoned building, and a notebook and papers containing the same lottery codes that were found in defendant's automobile trunk. Some lottery codes were written on an envelope addressed to defendant. These items had been admitted into evidence at the criminal trial. The officer stated that these papers were evidence of an illegal lottery operation. He said that the cash, found along with the papers in the trunk, had significance as the source from which to make payment in the event a number was "hit" and a payoff was necessary.

The trial judge found that, although defendant had proved ownership of the money in the automobile trunk, it was part of an illegal lottery operation. However, relying on *State v. Rodriquez,* 130 *N. J. Super.* 57 (App. Div. 1974), certif. den. 66 *N. J.* 325 (1974), the court ruled that the county could not relitigate in the forfeiture proceeding the issue of the existence of an illegal lottery operation and the connection of the money therewith, since that matter had been resolved against the State in the criminal action in which defendant had been acquitted. Accordingly, he ordered the money returned to defendant.[1]

This appeal by the county followed. We reverse.

In *State v. Rodriquez, supra,* we rejected the conclusion in *State v. LaBella,* 88 *N. J. Super.* 330, 341 (Cty. Ct. 1963), that an acquittal of the accused bars a relitigation of the question of the existence of a gambling operation. We stated that an acquittal may well rest on an issue foreign to a forfeiture proceeding, and that a forfeiture proceeding was a civil action with a different standard of proof, making

---

[1]The order covered the money in the automobile trunk and on defendant's person. The appeal relates only to the $1,495 in the trunk, since that is the sole relief sought by the county below.

application of the doctrine of collateral estoppel inappropriate. See also, *State v. Rodriquez*, 138 *N. J. Super.* 575 (1976), certif. granted 70 *N. J.* 277 (1976).

The problem which understandably faced the court below involved the further *dictum* in *Rodriquez* that "the government may not relitigate in a forfeiture proceeding an issue necessarily or specifically resolved against it in the criminal action." 130 *N. J. Super.* at 60. By reason of that statement the court felt bound to hold that the legal status of the money seized had already been litigated in the criminal proceedings, and that the money had to be returned to defendant, once he had proved ownership, even though the State (through the county) had sustained its burden of proving by a preponderance of the evidence that the money was part of an illegal lottery operation.

The legislation, *N. J. S. A.* 2A:152–6 to 11, of which the provision here involved (*N. J. S. A.* 2A:152–10) is a part, was enacted to discourage and prevent unlawful gambling. It accords with the strong policy in this State against the return of the fruits or implements of criminal activity. To assist in effectuating these purposes with respect to items and money used in or resulting from illegal gambling, the legislation provides a remedy by way of a civil forfeiture proceeding. This proceeding is a remedial device that is additional to the penal consequences of the criminal law relating to gambling offenses, and may be used even in the absence of an arrest. *Farley v. $168,400.97, 55 N. J.* 31 (1969); *Spagnuolo v. Bonnet,* 16 *N. J.* 546, 558 (1954); *State v. Link,* 14 *N. J.* 446, 453 (1954); *State v. Moriarty,* 97 *N. J. Super.* 458, 474 (Law Div. 1967), aff'd 102 *N. J. Super.* 579 (App. Div. 1968), aff'd *sub. nom. Farley v. $168,400.97, supra; State v. Rodriquez, supra,* 130 *N. J. Super.* at 62. See *Kugler v. Banner Pontiac-Buick Opel, Inc.,* 120 *N. J. Super.* 572, 578–580 (Ch. Div. 1972).

The provisions of *N. J. S. A.* 2A:152–7 to 11 merely provide a procedure for determining the forfeiture and adjudication of claims to ownership of money seized where

gambling offenses are involved. With respect to money seized in connection with an arrest or after a conviction for such an offense, the statute establishes incidental rules of evidence — *i. e.*, the arrest or conviction shall be deemed prima facie evidence that the money is contraband. *Farley v. $168,400.97, supra,* 55 *N. J.* at 43; *State v. Rodriquez, supra,* 138 *N. J. Super.* at 578; *N. J. S. A.* 2A:152–7 and 9.

No such statutory rule of evidence, however, has been prescribed with respect to money seized where, as here, a defendant has been acquitted. *N. J. S. A.* 2A:152–10. In such a case defendant is required to present a prima facie case of ownership. In meeting this initial burden of proof he may be aided by the presumption that the possessor of personal property is its owner. Once that requirement is met by defendant, the burden then is that of the State to prove, by a preponderance of the evidence, that the fund seized was used in or resulted from an unlawful gambling or lottery operation. *State v. Rodriquez, supra,* 130 *N. J. Super.* at 61; 138 *N. J. Super.* at 578.

The State satisfied that burden in this case. The court's finding that the money was part of an illegal lottery operation was predicated on sufficient credible evidence and is sustained by us. *State v. Johnson,* 42 *N. J.* 146, 162 (1964).

There was nothing before the trial judge establishing that the criminal proceeding involving defendant "necessarily or specifically resolved" against the State the issue of whether the money was part of an illegal lottery operation. If that could be shown — and we have substantial doubt that it can —, defendant had the burden of demonstrating that the record of the criminal trial supported that claim. Compare *State v. Ebron,* 61 *N. J.* 207, 215–218 (1972),[2] involv-

---

[2] See also, *State v. Davis,* 67 *N. J.* 222, 225 (1975), *cert.* den. *sub. nom. New Jersey v. Pace,* 425 *U. S.* 943, 96 *S. Ct.* 1684, 48 *L. Ed.* 2d 187 (1976). Compare *Kugler v. Banner Pontiac-Buick Opel, Inc., supra.*

ing collateral estoppel in a criminal case, an issue of constitutional dimension. Defendant made no showing.

In the criminal proceeding defendant was charged with conspiracy to violate the lottery laws, possession of lottery slips and maintaining and working for a lottery. *N. J. S. A.* 2A:98–1; 2A:121–3. The jury verdict of acquittal does not necessarily or specifically resolve that the money here involved was not part of an illegal lottery operation, predicated on the preponderance of evidence standard of proof. It simply indicates that the State had failed to prove beyond a reasonable doubt all of the elements required for conviction of these crimes, including perhaps the fact that a lottery was involved.

On its face, the statement in *Rodriquez* that the government may not relitigate in a forfeiture proceeding an issue necessarily or specifically resolved against it in the criminal action appears to be in conflict with a basic thesis of the opinion itself — that the forfeiture proceeding is civil in nature, with a different standard of proof, and that the doctrine of collateral estoppel is inappropriate in that proceeding. In any event, it would be a most unusual case in which that statement would be applicable; and if such a case should arise, as indicated, defendant would be required to demonstrate that the criminal trial record supported his claim that the issue had indeed been so resolved in that proceeding.

The matter before us does not present any such exceptional case. Nor has defendant made the necessary showing even if it did.

The trial judge correctly found that the money here involved was part of an illegal lottery operation and that the county had sustained its burden of proof in that respect. However, its conclusion, predicated on its mistaken interpretation of *Rodriquez, supra,* 130 *N. J. Super.* at 60, was in error.

So much of the order below as directed the return by the county of $1,495 to defendant is reversed. An order shall be entered by the trial court directing that that sum be forfeited to the County of Essex as contraband.